UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| BROADCAST MUSIC, INC.; MOKOJUMBI MUSIC; UNIVERSAL MUSIC-Z TUNES LLC d/b/a UNIVERSAL MUSIC Z SONGS; UNIVERSAL MUSIC MGB NA LLC d/b/a UNIVERSAL MUSIC CAREERS; SONY/ATV SONGS LLC d/b/a SONY ATV MELODY; PORPETE MUSIC; WARNER-TAMERLANE PUBLISHING CORP.; HIP CITY MUSIC INC.; HIFROST PUBLISHING<br><br>Plaintiffs<br><br>v.<br><br>CARRIE BELL, INC., d/b/a CAFE 611<br>611 N. Market Street<br>Frederick, Maryland 21701<br><br>    Serve on:<br>    Tiffany Rover, Resident Agent<br>    6160 Baidridge Circle<br>    Frederick, Maryland 21701<br><br>and<br><br>KAREN JONES<br>2170 Ambleside Court<br>Frederick Maryland 21702<br><br>and<br><br>RANDALL JONES<br>609 N. Market Street<br>Frederick, Maryland 21701<br><br>and<br><br>RANDY JONES<br>2170 Ambleside Court<br>Frederick, Maryland 21702<br><br>and | Civil Action No.:_____ |

| | |
|---|---|
| RENELL JONES<br>609 N. Market Street<br>Frederick, Maryland 21701<br><br>Defendants | |

## COMPLAINT

Plaintiffs, by their attorneys, for their Complaint against Defendants, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

### JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 *et seq.* (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

### THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of Delaware. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in 14 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Mokojumbi Music is a partnership owned by Lucien George, Jr., Paul Anthony George, Brian George, Curtis Bedeau, Hugh Clarke, and Gerard Charles. This Plaintiff is a copyright owner of at least one of the songs in this matter.

6. Plaintiff Universal Music-Z Tunes LLC is a limited liability company doing business as Universal Music Z Songs. This Plaintiff is a copyright owner of at least one of the songs in this matter.

7. Plaintiff Universal Music MGB NA LLC is a limited liability company doing business as Universal Music Careers. This Plaintiff is a copyright owner of at least one of the songs in this matter.

8. Plaintiff Sony/ATV Songs LLC is a limited liability company doing business as Sony ATV Melody. This Plaintiff is a copyright owner of at least one of the songs in this matter.

9. Plaintiff Porpete Music is a partnership owned by Anita Poree and Greg Poree. This Plaintiff is a copyright owner of at least one of the songs in this matter.

10. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

11. Plaintiff Hip City Music, Inc. is a corporation. This Plaintiff is a copyright owner of at least one of the songs in this matter.

12. Plaintiff Hifrost Publishing is a partnership owned by Hiriam Hicks and Elliot Straite. This Plaintiff is a copyright owner of at least one of the songs in this matter.

13. Defendant Carrie Bell, Inc. is a corporation organized and existing under the laws of the State of Maryland which operates, maintains, and controls an establishment known as Cafe 611, located at 611 North Market Street, Frederick, Maryland 21701 in this district (the "Establishment").

14. In connection with the operation of the Establishment, Defendant Carrie Bell, Inc. publicly performs musical compositions and/or causes musical compositions to be publicly performed on its premises.

15. Defendant Carrie Bell, Inc. has a direct financial interest in the Establishment.

16. Defendant Karen Jones is an officer and owner of Defendant Carrie Bell, Inc. with responsibility for the operation and management of that corporation and the Establishment.

17. Defendant Karen Jones has the right and ability to supervise the activities of Defendant Carrie Bell, Inc. and she has a direct financial interest in that corporation and the Establishment.

18. Defendant Randall Jones is an officer and owner of Defendant Carrie Bell, Inc. with responsibility for the operation and management of that corporation and the Establishment.

19. Defendant Randall Jones has the right and ability to supervise the activities of Defendant Carrie Bell, Inc. and he has a direct financial interest in that corporation and the Establishment.

20. Defendant Randy Jones is an officer of Defendant Carrie Bell, Inc. with responsibility for the operation and management of that corporation and the Establishment.

21. Defendant Randy Jones has the right and ability to supervise the activities of Defendant Carrie Bell, Inc. and he has a direct financial interest in that corporation and the Establishment.

22. Defendant Renell Jones is an owner of Defendant Carrie Bell, Inc. with responsibility for the operation and management of that corporation and the Establishment.

23.     Defendant Renell Jones has the right and ability to supervise the activities of Defendant Carrie Bell, Inc. and he has a direct financial interest in that corporation and the Establishment.

## CLAIMS OF COPYRIGHT INFRINGEMENT

24.     Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 23 hereof as if the same were fully set forth herein.

25.     Since November 2014, BMI has reached out to Defendants over ninety times, by phone, by in-person visits, by mail, and by e-mail, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI Repertoire. Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

26.     Plaintiffs allege five (5) claims of willful copyright infringement based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

27.     Annexed to this Complaint is a Schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants. The Schedule contains information on the five (5) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are to lines on the Schedule): Line 1 providing the claim number; Line 2

listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the Plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

28. For each work identified on the Schedule, the person(s) named on Line 3 was/were the creator(s) of that musical composition.

29. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest) complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

30. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was/were (and still is/are) the owner(s) of the copyright in the respective musical composition listed on Line 2.

31. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendants publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendants have committed copyright infringement.

32. The specific acts of copyright infringement alleged in the Complaint, as well as Defendants' entire course of conduct, have caused and are causing Plaintiffs great and incalculable

damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendants threaten to continue committing copyright infringement. Unless this Court restrains Defendants from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

A. Defendants, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

B. Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

C. Defendants be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

D. Plaintiffs have such other and further relief as is just and equitable.

May 22, 2019                                    WRIGHT, CONSTABLE & SKEEN, LLP

                                                /s/ Max S. Stadfeld
                                                Max S. Stadfeld (Bar No. 05684)
                                                7 Saint Paul Street, 18th Floor
                                                Baltimore, MD 21202
                                                Tel: 410-659-1300
                                                Fax: 410-659-1350
                                                mstadfeld@wcslaw.com

                                                *Attorneys for Plaintiffs*