**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| BROADCAST MUSIC, INC ET AL.<br><br>v.<br><br>CARRIE BELL, INC. ET AL. | Case No. 1:19-cv-01517-JKB |

### MOTION TO SET ASIDE DEFAULT OF DEFENDANTS KAREN JONES, RANDALL JONES, AND RANDY JONES

Defendants Karen Jones, Randall Jones and Randy Jones ("Defendants"), by and through undersigned counsel, hereby respectfully request that this Court set aside any Default.[1]

### I. FACTUAL & PROCEDURAL BACKGROUND

Plaintiff Broadcast Music, Inc., and other parties, ("Plaintiffs") filed a Complaint against Defendants on May 22, 2019. Efforts at service were apparently undertaken by Plaintiffs. Around July 25, 2019, Randall Jones made a good faith effort to file an Answer to the Complaint. *See* Dkt. #20. This Answer was subsequently stricken by the Court. *See* Dkt. #22. At around the same time, Plaintiff sought leave to provide service via alternative means. *See* Dkt. #17. Plaintiff subsequently sought a reissuance of summons for each of Karen Jones, Randall Jones and Randy Jones. *See* Dkt. #25. Undersigned was retained in late August, and immediately sought from Plaintiff's counsel an extension of time to respond. Plaintiff's counsel did not agree, but provided a settlement offer to Defendant's counsel, at Defendant's counsel's request. Plaintiff subsequently sought an entry of Default against each of the Defendants named in this Motion. *See* Dkt. #38. At the time of the filing of this Motion, the Clerk has not yet issued any Default against Karen Jones, Randall Jones or Randy Jones. This Motion follows.

---

[1] As of the date of this filing, the Plaintiff has requested an entry of Default, but no Default has yet been entered by the Clerk.

## II. ARGUMENT

Pursuant to Fed. R. Civ. P. 55(c) a court "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). According to the court in *Wainwright's Vacations, LLC v. Pan Am*, 130 F.Supp.2d 712, 717 (D. Md. 2001), the Fourth Circuit has found that "'an extensive line of decisions' has held that [Rule 55(c)] must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" (quoting *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 954 (4th Cir. 1987). Additionally, "where default has been entered, but default judgment not yet granted, an even more liberal standard is applied to a motion to set aside the entry of default." *Schartner v. Copeland*, 59 F.R.D. 653, 656 (M.D. Pa. 1973) (citing generally to Wright and Miller, Federal Practice and Procedure, § 2694). In ruling on a motion to set aside an entry of default, the Fourth Circuit "has directed that district courts should consider (1) whether the moving party has a meritorious defense or counterclaim; (2) the defaulting party's culpability for the default; (3) the prejudice to the non-moving party; and (4) the availability and effectiveness of sanctions less drastic." *Bank of Southside Va. v. Host & Cook, LLC*, 239 F.R.D. 441, 445 (E.D. Va. 2007); *see Payne v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006). "Relief from a judgment of default should be granted where the defaulting party acts with reasonable diligence in seeking to set aside the default and enters a meritorious defense."[2] *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); *see Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("reasonable promptness"). Further, "whether a party has taken 'reasonably prompt' action…must be gauged in light of the facts and circumstances of each occasion…" *Moradi*, 673 F.2d at 727.

---

[2] "All that is necessary to establish the existence of a "meritorious defense" is a presentation or proffer of evidence, which, if believed, would permit either the Court or the jury to find for the defaulting party." *Moradi*, 673 F.2d at 727.

2

### A. Defendants Have a Meritorious Defense

Pursuant to the factors elucidated in *Bank of Southside Va.*, a moving party's having a meritorious defense in the underlying case weighs in favor of setting aside a default against him. Defendants' defense against the allegations in Plaintiff's Complaint is that none of them are personally responsible for any potential infringement. Even if there is infringement in this case, none of the three individuals named are personally liable for the same. Plaintiff itself has named Carrie Bell, Inc. as a defendant in this case. While it is Defendants' understanding that Carrie Bell, Inc. also denies the allegations, Defendants' maintain that the corporate entity is the only entity that could possibly be a liable party in this matter. This factor is favorable to Defendants' Motion to Set Aside Default.

### B. Defendants Have Little Culpability for Default

According to the factors in *Bank of Southside Va.*, a defaulting party's having little culpability for the default weighs in favor of setting aside a default against him. *See Bank of Southside Va.*, 239 F.R.D. at 445. Prior to Plaintiff's filing of the requests for default, the parties had been engaged in settlement negotiation, and undersigned had asked for more time to file their response. Plaintiff denied the request, which was within its rights, but Plaintiff knew that Defendants had counsel and were considering a settlement offer. Defendants refrained from submitting an Answer to Plaintiff's Complaint until it could be determined whether a settlement was plausible. When Plaintiff sought a default, Defendants moved to set it aside within days. These factors are favorable to Defendants' Motion to Set Aside Default.

### C. Plaintiff Faces Little Prejudice in Dismissal of Default

According to *Bank of Southside Va.*, where there is little prejudice to the non-moving party there is a strong preference for setting aside a default against the moving party. *See id*.

Upon information and belief, Plaintiff will face little prejudice should the court set aside Defendants' possible Default. Plaintiff only very recently filed the Request for Default, mere days ago, on August 28, 2019, just prior to the holiday weekend. Therefore, upon information and belief, Plaintiff cannot reasonably claim to have lost any evidence or that its position in the proceeding has materially or prejudicially changed in so short a period. This factor is favorable to Defendants' Motion to Set Aside Default.

### D. Defendants Acted with Reasonable Diligence and Promptness in Seeking To Set Aside Default

Courts in the Fourth Circuit have placed great emphasis on a defaulting party's diligence and promptness in seeking to set aside default when deciding whether to indeed set aside the default. *See id.*; *see also Moradi*, 673 F.2d at 727; *Consolidated Masonry & Fireproofing, Inc.*, 383 F.2d at 251. Defendants were both diligent and prompt in filing this Motion to Set Aside Default. Only mere days have passed since Plaintiff filed its Request for Default. Defendants were considering their options, including evaluating a settlement offer from Plaintiff, and determining the best course of action in consideration of Defendants' limited finances. They have only now decided to continue with their defense, and have submitted this Motion accordingly and in a timely manner. This final factor is therefore also favorable to Defendants' Motion to Set Aside Default.

### E. Defendants Contemporaneously Filed Their Answer

Defendants' have contemporaneously filed their Answer. *See* Dkt. #41. Defendants ask that the Court grant this Motion and allow the Defendants to move forward with their responsive pleading as reflected on the docket.

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that any Default that the Clerk may enter be vacated and that the Answer filed by Defendants serve as the operative pleading.

Respectfully submitted,

/s/Eric J. Menhart
Eric J. Menhart
Lexero Law
316 F Street NE, Suite 101
Washington, DC 20002
Phone: (855) 453-9376 x.101
Fax: (855) 453-9376

## CERTIFICATE OF SERVICE

I hereby certify that on the date of this filing, a copy of the foregoing was served on Plaintiff's counsel via the Court's ECF system.

/s/Eric J. Menhart
Eric J. Menhart