IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **BROADCAST MUSIC, INC., et al.,** | * | **CIVIL NO. JKB-19-1517** |
| Plaintiffs | * | |
| v. | * | |
| **CARRIE BELL, INC., d/b/a CAFE 611, et al.,** | | |
| | * | |
| Defendants | | |

## MEMORANDUM

Plaintiffs, a group of copyright owners and the holder of public performance rights for five songs, sued Carrie Bell, Inc. ("CBI"), Karen Jones, Randall Jones, Randy Jones, and Renell Jones ("Defendants") for five claims of copyright infringement. The clerk entered orders of default for Renell Jones (ECF No. 13) and CBI (ECF No. 27) for failure to respond. Plaintiffs subsequently filed a motion for default judgment as to CBI and Renell Jones. (ECF No. 35.) Plaintiffs also filed a motion for entry of default against Karen, Randall, and Randy Jones, which remains pending. (ECF No. 38.) Defendants moved to set aside the entry of default against CBI and Renell Jones (ECF No. 45), and filed a motion opposing Plaintiffs' pending request for entry of default against Karen, Randall, and Randy Jones (ECF No. 43.) The matter is briefed and no hearing is required. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the Court will set aside the entry of default against CMI and Renell Jones and deny Plaintiffs' motion for entry of default against Karen, Randall, and Randy Jones.

1

## I. Background

CBI operates Cafe 611 in Frederick, Maryland. (Compl. ¶ 13, ECF No. 1.) Cafe 611 holds public musical performances. (*Id.* ¶ 14.) Karen and Randall Jones are officers and owners of CBI. (*Id.* ¶¶ 16, 18.) Randy Jones is an officer of CBI and Renell Jones is an owner of CBI. (*Id.* ¶¶ 20, 22). The Plaintiffs in this case are the owners of copyrights and performance licenses for five songs which they allege were performed at Cafe 611 without a license. (*Id.* ¶¶ 3–4, 26.) Mokojumbi Music, Universal Music-Z Tunes LLC, Universal Music MGB NA LLC, Sony/ATV Songs LLC, Porpete Music, Warner-Tamerlane Publishing Corp., Hip City Music Inc., and Hifrost Publishing own copyrights for the five songs at issue. (*Id.* ¶ 4.) Broadcast Music, Inc. ("BMI") maintains the right to license the public performance rights in those songs. (*Id.* ¶ 3.)

Plaintiffs state that they contacted Defendants more than ninety times through phone calls, in-person visits, mail, and e-mail in order to "educate Defendants as to their obligations under the Copyright Act," specifically the need for Defendants to purchase licenses for any public performances of songs for which BMI holds the performance rights. (*Id.* ¶ 25.) Despite these contacts, Plaintiffs allege Defendants engaged in unauthorized public performances of these five songs. (*Id.* ¶ 26.)

Plaintiffs filed their Complaint on May 22, 2019. Plaintiffs filed proof of service for Renell Jones on May 24, 2019, which stated that Renell Jones was personally served with process at Cafe 611. (ECF No. 6.) The clerk entered a notice of default against Renell Jones on June 25, 2019. (ECF No. 14.) Plaintiffs served CMI with process on June 24, 2019. (Jul. 22 Stat. Rep., ECF No. 18.) On July 25, 2019, Randall Jones filed an answer to the Complaint on behalf of CBI. (ECF No. 20.) However, because Randall Jones is not an attorney who is a member of this Court's bar, he may not represent another entity before this Court. *See* Local Rule 101.1a (D. Md. 2018).

Therefore, this Court issued an order striking CBI's answer. (ECF No. 22.) CBI failed to timely file another response or answer, and this Court subsequently entered a default against CBI. (ECF No. 28.)

After Plaintiffs' process server was unable to serve Karen, Randy, or Randall Jones, Plaintiffs requested alternative service through mail to their last known residences and in-person delivery at their place of business, Cafe 611, which this Court granted. (Mot. Alt Service, ECF No. 17; Order Alt. Service, ECF No. 19.) In support of Plaintiffs' motion for alternative service, Plaintiffs submitted the affidavit of their private process server, Christopher Landon. (Landon Aff., ECF No. 17-1.) Landon testified that he was threatened multiple times with bodily harm when he attempted to serve Karen, Randall, and Randy, and that it was his opinion they were evading service of process. (*Id.* at 1–2.)

On August 23, 2019, Plaintiffs filed a motion for default judgment as to CBI and Renell Jones. (ECF No. 35.) On August 29, Plaintiffs filed a motion for entry of default as to Karen, Randall, and Randy Jones. (ECF No. 38.) On September 4, Defendants, now represented by counsel, filed two answers to the Complaint, one of which was filed by CBI (ECF No. 42), and the other of which was filed by Karen, Randall, Randy, and Renell Jones (ECF No. 41). On the same day, Defendants filed a motion to set aside default as to CBI and Renell Jones (Mot. Set Aside, ECF No. 45), as well as a motion in opposition to Plaintiffs' motion for entry of default against Karen, Randall, and Randy Jones (Opp'n Mot., ECF No. 43).[1]

In Karen, Randall, and Randy Jones's motion in opposition to the entry of default, they explained that they retained counsel in late August. (Opp'n Mot. at 1.) Defendants' counsel asked

---

[1] Though Defendants style this as a "Motion to Set Aside Default," because no default has yet been entered against Karen, Randall, or Randy Jones, the Court will consider it instead as a response in opposition to Plaintiffs' motion. Because there is no entry of default to set aside, Karen, Randall, and Randy Jones's motion will be denied.

3

Plaintiffs for a settlement offer and requested an extension of time to respond, which Plaintiffs rejected. (*Id.*) Plaintiffs then filed their motion for default. (*Id.*) In their opposition, Karen, Randall, and Randy Jones argue that they are not personally responsible or liable for any potential copyright infringement. (*Id.* at 3.) They also argue that they lacked culpability for default because they had engaged counsel and were engaged in settlement discussions at the time Plaintiffs filed their motion requesting entry of default against them. (*Id.*) They also argue they promptly moved to set aside any potential default, and that Plaintiffs would accordingly not be prejudiced by dismissing Plaintiffs' request for default. (*Id.* at 3–4.)

In Defendants' motion to set aside default as to Renell Jones and CBI, Defendants make the same arguments as to why the Court should set aside the default judgment against those two parties. (Mot. Set Aside at 4–6.) In addition, Defendants argue that default against Renell Jones was improper because Renell Jones was never personally served. (*Id.* at 2.) Defendants explained that Renell Jones had been incarcerated in Florida when Plaintiffs claimed he had been served in-person at Cafe 611. (*Id.* at 1.) Defendants also argue that Renell Jones could not be personally responsible for any infringement. (*Id.* at 4.) As to CBI, Defendants argue that CBI made a good faith effort through Randall Jones to file a timely answer. (*Id.*) CBI also claims that it has a variety of meritorious defenses as outlined in its answer, including implied license, fair use, and invalid copyright. (*Id.* at 4; CBI Ans. at 5.)

In their joint response and reply to Defendants' motions, Plaintiffs did not oppose setting aside the entry of default against CBI and Renell Jones, nor did they oppose Karen, Randall, and Randy's motion in opposition to Plaintiffs' request for the entry of default. (Pl. Reply, ECF No. 46.) Rather, Plaintiffs sought to "correct the record" by explaining that Plaintiffs' counsel did not act "fraudulently or in bad faith" in filing for default or serving Renell Jones. (*Id.* at 1.)

## II. Legal Standard and Analysis

Federal Rule of Civil Procedure 55 provides that a court "may set aside an entry of default for good cause." The decision whether to set aside an entry of default pursuant to a Rule 55 motion "'lies largely within the discretion of the trial judge.'" *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204 (4th Cir. 2006) (quoting *Consol. Masonry & Fireproofing, Inc. v. Wagman Const. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967)). The Fourth Circuit of the United States Court of Appeals has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). Accordingly, "Rule 55(c) motions must be 'liberally construed in order to provide relief from the onerous consequences of defaults and default judgments.'" *Id.* at 421 (quoting *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969)).

Courts consider six factors when determining whether to set aside an entry of default pursuant to Rule 55: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne*, 439 F.3d at 204–05. "A meritorious defense requires a proffer of evidence which would permit a finding for the defaulting party or which would establish a valid counterclaim." *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988). The Court will first address the motion to set aside the entry of default as to Renell Jones and CMI, and then will address the motion opposing the entry of default as to Karen, Randall, and Randy Jones.

### A. Motion to Set Aside Default as to Renell Jones and CMI

In evaluating whether to set aside the entry of default against CMI and Renell Jones, the Court relies on the *Payne* factors. 439 F.3d at 204–05. CMI did not retain counsel prior to the entry of default against it, and accordingly bears the full responsibility for failure to file a response on time. However, CMI, through its officer and owner Randall Jones, attempted to file a timely answer, though it was stricken by the Court. CMI also acted with reasonable promptness by moving to set aside the entry of default less than one month after it was entered. *See, e.g., Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001) (finding delay of one month reasonable in light of difficulty obtaining counsel). Though CMI's owners' and officers' actions with respect to personal service were problematic, as explained below, there is no allegation that CMI engaged in bad faith related to this lawsuit. Accordingly, the Court finds these factors weigh in favor of setting aside the entry of default against CMI.

With respect to meritorious defenses, CMI cites to its answer, which contains a variety of affirmative defenses. (Mot. Set Aside at 4.) Though CMI's answer is not sworn evidence, the Court construes the defaulting party's filings liberally, and Plaintiffs have not objected to the Court's consideration of CMI's answer. Accordingly, the Court will consider the defenses alleged in CMI's answer in evaluating whether CMI has alleged a meritorious defense. *See J & J Sports Prods., Inc. v. Mumford*, Civ. No. DKC-10-2967, 2011 WL 1675223, at *2 (D. Md. May 3, 2011) (considering defenses in defaulting party's answer where opposing party did not oppose the motion). Plaintiffs have not alleged that prejudice would result from setting aside the entry of default, nor have they suggested other sanctions are appropriate. Accordingly, the Court will grant Defendants' motion to set aside the entry of default as to CMI.

The *Payne* factors also weigh in favor of setting aside the entry of default as to Renell Jones.[2] First, Renell Jones has seemingly no personal responsibility for the default because he did not receive service of process. Accordingly, he was not on notice that he was the subject of a lawsuit which required a timely response. Nor are there any allegations that Renell Jones took any dilatory action regarding the lawsuit while incarcerated. Though he waited over two months from the time of the clerk's entry of default to file his motion to set aside default, he had not been properly served during that time and therefore any delay in his response is excusable. Defendants also argue in defense that Renell Jones is not "personally liable" for any copyright infringement. (*Id.* at 4.) While this is a relatively threadbare defense, the Court is cognizant of the Fourth Circuit's admonishment to interpret Rule 55(c) motions liberally, and so will accept this as a possible meritorious defense. Finally, as with CMI, Plaintiffs do not allege that they would suffer prejudice from setting aside the entry of default or that other sanctions are appropriate. Accordingly, the Court will also set aside the entry of default as to Renell Jones.

### B. *Motion in Opposition to Plaintiffs' Motion for Entry of Default as to Karen, Randall, and Randy Jones*

The Court has not issued an entry of default as to Karen, Randall, or Randy Jones. These individual Defendants acted promptly in opposing Plaintiffs' motion for an entry of default against them, filing their opposition and answer within days of Plaintiffs' filing. Karen, Randall, and Randy argue—like Renell—that they are not personally responsible or personally liable for any copyright infringement. (Opp'n Mot. at 3.) Plaintiffs have not argued they would be prejudiced

---

[2] The Fourth Circuit has not decided whether the failure to properly serve a party is alone sufficient to set aside an entry of default against that party. Because the *Payne* factors clearly weigh in favor of setting aside the entry of default as to Renell Jones, this Court need not determine whether improper service alone mandates setting aside the entry of default. *See Turpin v. Wellpoint Companies, Inc.*, Civ. No. HEH-10-850, 2011 WL 1086482, at *2 n.6 (E.D. Va. Mar. 23, 2011) (declining to decide whether improper service requires setting aside entry of default where *Payne* factors supported setting aside entry of default).

7

by the denial of their motion for an entry of default, nor do they argue other sanctions are appropriate here.

However, several of the other *Payne* factors weigh against Karen, Randall, and Randy Jones. First, they have personal responsibility for the failure to issue a timely response to Plaintiffs' Complaint. Though they retained a lawyer in late August, Karen, Randall, and Randy were still "considering their options," "determin[ing] the best course of action in consideration of Defendants' limited finances," and "only now decided to continue with their defense" when they filed their motions and answers. (Opp'n Mot. at 4.) Though the Court is sympathetic to litigants with limited means, that is no excuse to ignore court deadlines imposed by law.

Furthermore, and more disturbing, is the evidence Karen, Randall, and Randy engaged in a series of dilatory tactics to evade service. When Landon, Plaintiffs' process server, attempted to serve them at Cafe 611, an individual "refused to identify the Defendants to be served," though Landon "got the distinct feeling from him/her that the Defendants were at Cafe 611." (Landon Aff. at 1.) The individual at Cafe 611 also told Landon "to stay off the property, and [threatened him] with bodily harm if [he] returned." (*Id.*) Landon then attempted to effect service at Karen and Randy Jones's house, but a woman present at the house refused to open the door and said Karen and Randy were out of town. (*Id.*) Landon attempted service at the house another six times. (*Id.* at 2.) During one of these attempts, Landon stated that Randy Jones saw him, spoke to him "through his doorbell," and said he was in Florida. (*Id.*) Landon's second attempt to effect service at Cafe 611 was met with similar threats of bodily harm, and he "was warned not to come back either to their home or to their business." (*Id.*) Karen, Randall, and Randy do not deny this account or that they attempted to evade service of process.

While Karen, Randall, and Randy's actions evading service of process and their threadbare defense to Plaintiffs' claims give the Court great pause, the Court is ultimately convinced that justice requires permitting this case to proceed on its merits. As the Fourth Circuit has cautioned, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson*, 411 F.2d at 130. Here, the Court has not yet entered an order of default as to Karen, Randall, and Randy, who moved swiftly through counsel to file a motion opposing the entry of default, as well as their answer containing denials and affirmative defenses. Plaintiffs also do not substantively oppose Defendants' motion in opposition to the entry of default. Accordingly, the Court will deny Plaintiffs' motion for an entry of default against Karen, Randall, and Randy Jones.

### *III. Conclusion*

For the foregoing reasons, an order shall enter granting Defendants' motion to set aside entry of default as to CMI and Renell Jones and denying Plaintiffs' motion for entry of default as to Karen, Randall, and Randy Jones. Defendants' motion to set aside entry of default as to Karen, Randall, and Randy Jones will be denied because there is no existing order to set aside. Plaintiffs' motion for default judgment as to CMI and Renell Jones will be denied as moot.

DATED this 22 day of November, 2019.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
Chief Judge

9